**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVID SHTEINBERG, | : | |
|     *Petitioner*, | : | |
| | : | |
| v. | : | CASE NO. 3:26-CV-291 (KAD) |
| | : | |
| WARDEN FLOWERS, | : | |
|     *Respondent*. | : | JULY 13, 2026 |

## MEMORANDUM OF DECISION RE: [1] PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241

On February 25, 2026, Petitioner David Shteinberg, formerly a federal prisoner at Federal Correctional Institution Danbury ("FCI Danbury"), filed this *pro se* Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2241 ("Section 2241"). *See* Petition, ECF No. 1, at ¶ 15.[1] Petitioner seeks habeas relief on grounds that the Bureau of Prisons ("BOP") staff at FCI Danbury "*sua sponte* unilaterally seized him within the prison then forcefully transferred him against his will to custody of armed strangers" in Florida without having a detainer under the Interstate Agreement on Detainers ("IAD"); the BOP failed to provide him with a copy of his IAD detainer once he returned to BOP custody; and the BOP has refused to release him by his "mandatory FSA release date" in March 2026 because of the "IAD detainer." *See id.* at 1–3.

Petitioner seeks habeas relief in the form of a Court order directing Respondent to produce:

1) the written detainer allegedly lodged in the beginning;
2) the date the detainer was received by the custodial institution;
3) documentation showing the detainer was based on a pending indictment, information, or complaint;
4) institutional detainer logs or records reflecting its filing; and
5) any transmittal forms, warrants, or supporting documentation.

---

[1] Respondent waives any objection to the immediate physical custodian and territorial jurisdiction rules. *See* Suppl. Response, ECF No. 12. Respondent has provided Petitioner's Inmate History, showing that he left FCI Danbury on March 18, 2026, for his transfer to Federal Correctional Institution Miami ("FCI Miami"). *See* ECF No. 12-1. Respondent explains that Petitioner was transferred to FCI Miami because his release date is approaching, and FCI Miami is closer to his release residence. *See* Transfer Order, ECF No. 12-2.

*Id.* at 3.

In the alternative—in the event Respondent fails to make this production—Petitioner requests a Court order discharging him from continued imprisonment beyond his "mandatory release date" under the FSA.  *Id.* at 4.

In response to the Court's Order to Show Cause, Respondent argues that the Petition should be dismissed due to Petitioner's failure to exhaust his administrative remedies, and additionally denied on the merits.  OSC Response, ECF No. 9 at 4–5.

For the following reasons, the Petition is **DISMISSED without prejudice**.

**Background**

Petitioner was charged in the United States District Court for the Southern District of Florida with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(B)(1)(A)(viii), and 846 (Count 1) and Controlled Substance Sell/Distribution/Dispense in violation of 21 U.S.C. §§ 841(A)(1) and 841(B)(1)(A)(viii), and 846 (Count 11).  *See* ECF No. 9-1 at 1–10 (Docket for *United States v. Shteinberg*, No. 23-CR-80182 (KMM) (S.D. Fla.)). Following his guilty plea, Petitioner received a sentence of 47 months of imprisonment on each Count, to run concurrently, followed by a two-year term of supervision.  *Id.* at 10 (Judgment of Conviction, ECF No. 509).

Petitioner also received a seven-year sentence on Florida state charges which were ordered to run concurrently with his federal sentence.  *See* ECF No. 9-2 at 5 (Florida Criminal Docket). Because the Florida Department of Corrections issued a detainer, the BOP will return Petitioner to Florida state custody upon completion of his federal sentence.  *See id.* at 8–24 (Detainer and Relevant Documents).

**Standard of Review**

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under [Section] 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, Section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *see, e.g.*, *Dailey v. Pullen*, No. 3:22-CV-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to FSA time credit calculation on a Section 2241 petition). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

**Discussion**

Respondent argues that: (1) the Petition is premature because Petitioner has not exhausted his BOP administrative remedies; (2) the BOP transferred Petitioner to the custody of the Sheriff of Palm Beach County Florida pursuant to an order from the Circuit Court of the Fifteenth Judicial Circuit, Criminal Division; and (3) after his guilty plea and sentencing in Florida state court, Petitioner was returned to BOP custody at FCI Danbury on September 25, 2025, and has since continued to earn FSA time credits to be applied to his sentence. Petitioner presents no opposition to these arguments. And after due consideration of the present record, the Court agrees that Petitioner has not exhausted his BOP administrative remedies, and that for that reason alone, the Petition must be dismissed.

Though Section 2241 does not expressly require exhaustion of state law or administrative remedies, decisional law has imposed such a requirement to accommodate principles of federalism. *See Carmona*, 243 F.3d at 634 (noting that while Prison Litigation Reform Act ("PLRA") exhaustion requirement does not apply to habeas actions, exhaustion for a Section 2241 petition is still required under decisional law); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976).   The burden of demonstrating exhaustion of administrative remedies rests with the Section 2241 petitioner, *see Spring v. Schult*, No. 08-CV-531 (LEK), 2009 WL 3232183, at *1 (N.D.N.Y. Oct. 1, 2009), and a failure to exhaust administrative remedies "results in a procedural default."   *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) ) (lack of exhaustion "results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused") (citing *Carmona*, 243 F.3d at 634); *see also Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("In habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the separate name of procedural default . . ."). Thus, absent a showing of "cause and prejudice," a federal inmate is required to exhaust his administrative remedies before seeking habeas relief pursuant to Section 2241. *Carmona*, 243 F.3d at 634.

The Second Circuit has identified four bases to excuse administrative exhaustion in the habeas context: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)).   However, the interests of judicial economy, accuracy, and administrative autonomy are best served by requiring a petitioner to utilize the administrative process prior to

4

obtaining judicial review.   *See Carmona*, 243 F.3d at 634.   Indeed, "[f]ollowing the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds."   *Id.*

Petitioner appears to concede that he has not attempted to exhaust his administrative remedies for the claims he raises in the instant Petition.   Rather, he argues that exhaustion was not necessary because the Petition raises a purely legal question and that his exhaustion would be futile due to his eligibility for application of FSA time credits in March 2026.   *See* ECF No 1 at 2.   Nevertheless, Petitioner fails to adequately set forth why his Petition—which seeks to substantiate the existence of his IAD detainer—raises a purely legal question.   Nor does he provide any explanation for why he could not obtain the documents that he requests in this Petition through available administrative channels, after his return to FCI Danbury on September 25, 2025.

Ultimately, "[t]here is a high threshold for a finding of futility."   *Lallave v. Martinez*, 609 F. Supp. 3d 164, 180 (E.D.N.Y. 2022) (citing *Beharry*, 329 F.3d at 62).   And Petitioner's mere assertion of futility due to an imminent release date fails to satisfy this high threshold.   *See Patel v. Flowers*, No. 3:25-CV-877 (SVN), 2025 WL 3140742, at *4 (D. Conn. Nov. 10, 2025) (rejecting assertion that exhaustion would cause excess imprisonment, because petitioner's "impending release does not excuse his failure to exhaustion administrative remedies"); *Martin v. Puzio*, No. 3:24-CV-1600 (VAB), 2025 WL 1678472, at *3 (D. Conn. June 13, 2025) (petitioner's "impending release" failed to excuse exhaustion of his BOP remedies).   Indeed, Petitioner has simply failed to demonstrate a basis for the Court to excuse his failure to exhaust his BOP

administrative remedies.[2]    Accordingly, the Petition must be dismissed.[3]

**Conclusion**

For all of the foregoing reasons, the Petition is **DISMISSED without prejudice**.    The

Clerk of Court is instructed to close this case.    Any appeal from this order would not be taken in

good faith.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of July 2026.

　　　　　　　　　　　　 /s/ Kari A. Dooley
　　　　　　　　　　　　KARI A. DOOLEY
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2]  In addition, Petitioner does not contest Respondent's representation that it has attached to the OSC Response all of the documents sought by Petitioner.    *See* ECF No. 9 at 5 n.1.    Respondent has certified that the OSC Response was sent to the address submitted by Petitioner and listed on the docket, and also to Petitioner at FCI Miami.    *See* ECF No. 12 at 3.    As Respondent has provided Petitioner with the document production requested, the Court also dismisses the Petition as moot to the extent it seeks such production.    *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."); *see also Beagle v. Easter*, No. 3:20-CV-1894 (KAD), 2021 WL 1026885, at *3 (D. Conn. Mar. 17, 2021) (dismissing habeas petition for lack of subject matter jurisdiction where petition was rendered moot).

[3]  Because Petitioner did not complete his administrative remedy process, the BOP was not given a full opportunity to address Petitioner's claim prior to his filing the instant habeas Petition.    Because the Petition must be dismissed on non-exhaustion grounds, the Court does not consider Respondent's remaining grounds for denial of the Petition on the merits.